IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01952-BNB

JOHN BOYD BOWRING,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, John Boyd Bowring, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  He submitted *pro se* two documents titled "Petition to Pay Debts, Etc." (ECF No. 1) and "First Notice of Default" (ECF No. 3) pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716.  Plaintiff failed to make clear whether he intended for these documents to be filed in *Bowring v. Bonner*, No. 13-cv-01707-LTB (D. Colo. Sept. 18, 2013), *affirmed* No. 13-1465 (10th Cir. May 28, 2014), or to initiate a new action.  *See* ECF No. 1 at 1.

    The Court reviewed the documents and determined they were deficient. Therefore, on July 14, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Bowring to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.  The July 14 order pointed out that Mr. Bowring failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit

for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form. The July 14 order also pointed out that Mr. Bowring failed to submit a Prisoner Complaint on the proper, Court-approved form. The July 14 order directed Mr. Bowring to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The July 14 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

In response to the July 14 order to cure, Mr. Bowring submitted two documents: (1) a letter to the Court (ECF No. 5) filed on July 21, 2014, and (2) a "Second Notice of Default" (ECF No. 6) filed on July 25, 2014.

Mr. Bowring has failed to cure the designated deficiencies as directed within the time allowed. Therefore, the action will be dismissed without prejudice for Mr. Bowring's failure to cure the designated deficiencies as directed within the time allowed. Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Bowring files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, John Boyd Bowring, to

cure the deficiencies designated in the order to cure of July 14, 2014, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of    August           , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court